[No. 13251. Department Two. March 15, 1916.]

WILLIAM CASADY, *Respondent*, v. ERHARD ANDERSON, *Appellant*, WILLIAM SINN, *Defendant*.[1]

CONTINUANCE—CONDITION—DISCRETION. It is not an abuse of discretion to require the payment of $30 as a condition for granting a continuance, under Rem. & Bal. Code, § 484, authorizing a postponement of a trial on payment of a sum not exceeding ten dollars, besides fees of witnesses, where two prior postponements for the same cause (illness of defendant's wife) had been requested, the plaintiff and his wife as a witness had come some distance, and he had five other witnesses present, and the various expenses and costs were not itemized.

ASSAULT AND BATTERY—EVIDENCE—SUFFICIENCY. A verdict for an assault and battery is sustained by evidence of an affray engaged in by defendant's servant who was encouraged and assisted by the defendant.

SAME—PERSONAL INJURIES—DAMAGES—EXCESSIVE VERDICT. A verdict of $750 for an assault and battery is not excessive, where the defendant suffered a broken rib, a broken ear-drum, several other bruises and considerable pain with loss of sleep and loss of time for a period of two months.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 20, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

[1]Reported in 155 Pac. 1067.

*Cooley & Horan* and *R. Mulvihill,* for appellant.
*E. C. Dailey* and *Clifford Newton,* for respondent.

Holcomb, J.—Anderson, one of defendants, appeals from a verdict and judgment for $750, damages for personal injuries by an assault and battery.

I. ˙Appellant claims that the trial court erred in refusing a continuance upon showing, at the commencement of the trial, of the illness of his wife at the time and for some time previously, and her inability to attend and testify in his behalf. The court granted the application for continuance upon terms that appellant pay into court for the benefit of respondent the sum of $30, which sum appellant refused to pay, and the continuance was denied.

Appellant quotes Rem. & Bal. Code, § 484 (P. C. 81 § 1295):

"When an application shall be made to a court or referee to postpone a trial, the payment to the adverse party of a sum not exceeding ten dollars, besides the fees of witnesses, may be imposed as the condition of granting the postponement."

It is asserted that the witness fees in this case could not have exceeded the sum of $15, but the court required the appellant to pay the railroad fare of respondent and his wife from some place east of the mountains, where they were residing. It ͺis not plain upon what basis the allowance of terms was made. The court indicated that, inasmuch as from the appellant's showing his wife had been ill from May, 1914, and had requested two postponements prior to the one requested at the trial, being on March 19, 1915, which previous requests had been granted by counsel for respondent; that she had suffered a relapse eleven days prior to the date of trial, during which time her deposition could have been taken; that respondent had been obliged to come some distance and bring his wife as a witness for the trial, and had subpoenaed other witnesses who were present—if the con-

tinuance were granted he thought these expenses should be paid. Respondent had five other witnesses present. His counsel stated to the court that "maybe thirty dollars would cover it all," upon which counsel for appellant stated that he "refused to pay these costs."

No itemization of the various expenses and costs was required or made. We are unable to say, from this condition of the record, that the costs and expenses allowed as a condition of continuance were excessive, and therefore must assume that the court was within his discretion in imposing the sum mentioned as terms. While a suitor could not be allowed witness fees and mileage in such a case, it would certainly be just, where he was not at fault and was prepared on the day fixed by the court to go to trial, to allow him his necessary traveling expenses to and from the place of trial, as a condition of continuance.

II. It is insisted that the evidence was not sufficient to sustain any verdict against appellant, he contending that he did not commit any assault or damage. Appellant sent his servant (and codefendant), Sinn, to the house of respondent to obtain possession of some horses taken up for alleged trespass and damage upon the premises of respondent. An altercation ensued. Sinn assaulted the respondent twice with his fist. They then engaged in a struggle for a pitchfork, and during this struggle appellant arrived on the scene and directed the further proceedings, as well as assisting in the affray. He directed his employee to "go to him," "lay him out" and "I will stand the damages," at the same time occasionally striking respondent with a piece of wood about six feet long and three inches thick. This version of the contest, given by respondent under oath upon the witness stand, having been accepted by the jury as the true one, and no misdirection of the jury by the court being claimed by appellant, from the verdict of the jury there is no escape.

III. From the latter part of the affray, under appellant's personal direction and assistance, respondent suffered

a broken rib, a broken ear-drum, several other bruises, and considerable pain, with loss of sleep and loss of time for a period of about two months. An award of $750 for such damages is certainly not excessive.

There is no error. Judgment affirmed.

MORRIS, C. J., PARKER, and BAUSMAN, JJ., concur.

MAIN, J., concurs in the result.